UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
Fax (410) 962-3630

August 19, 2013

LETTER TO COUNSEL:

RE:  Lisa Crockett v. Commissioner, Social Security Administration
     Civil No. TJS-12-1745

Dear Counsel:

On June 13, 2012, the Plaintiff, Lisa Crockett ("Ms. Crockett"), petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI") benefits. ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 12 & 13. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] ECF Nos. 3, 5 & 6. I find that no hearing is necessary. Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. See 42 U.S.C. § 405(g); Melkonyan v. Sullivan, 501 U.S. 89 (1991). Under that standard, I will deny both the Commissioner's motion and the Plaintiff's motion and will remand for further proceedings. This letter explains my rationale.

Ms. Crockett filed her application for SSI on September 4, 2007. (Tr. 98-104). In her claim, Ms. Crockett claimed alleged disability beginning on August 1, 2004. (Tr. 98). The claim was denied initially on December 7, 2007 and on reconsideration on August 1, 2008. (Tr. 62-65, 67-68). A hearing was held before an Administrative Law Judge ("ALJ") on October 29, 2009. (Tr. 35-58). On November 6, 2009, the ALJ determined that Ms. Crockett was not disabled under the Social Security Act. (Tr. 20-29). On April 27, 2012, the Appeals Council denied Ms. Crockett's request for review. (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.[2]

The ALJ evaluated Ms. Crockett's claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Ms.

---

[1] This case was originally assigned to the Honorable Paul W. Grimm, who is now a United States District Judge. On December 7, 2012, this case was reassigned to Magistrate Judge Stephanie A. Gallagher. On March 29, 2013, this case was reassigned to me.

[2] Ms. Crockett was previously awarded a closed period of disability by another ALJ that ended on October 31, 2006.

1

Crockett was not engaged in substantial gainful activity, and had not been engaged in substantial gainful activity since the date of her application. (Tr. 21). At step two, the ALJ found that Ms. Crockett suffered from the severe impairments of asthma, hepatitis C, status post cervical fusion, lumbar disc disease, and mood disorder. (Tr. 21). At step three, the ALJ found that Ms. Crockett's impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings") (Tr. 26-27).

The ALJ then determined that, despite Ms. Crockett's severe impairments, she retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b). The claimant has the residual functional capacity to occasionally lift and carry objects weighing 20 pounds and frequently lift and carry objects weighing 10 pounds. She is able to sit for 8 hours and stand and walk for 6 hours in an 8-hour period. She requires the ability to change positions as necessary from sitting to standing.

(TR. 27).

At step four, the ALJ determined that Ms. Crockett is unable to perform any past relevant work as a janitor or as a housekeeper as these jobs exceed her RFC. (Tr. 27-28). At step five, however, the ALJ determined that considering Ms. Crockett's "age, education, work experience and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 28). Accordingly, the ALJ found that Ms. Crockett was not disabled. (Tr. 28).

Ms. Crockett presents three arguments on appeal. First, Ms. Crockett contends that the ALJ erred by failing to evaluate or explain the weight accorded to any of the evidence in the record. ECF No. 12 at 6. Second, Ms. Crockett argues that while the ALJ found that she had a severe mental impairment, the RFC does not reflect the effects of that impairment on her functional ability as required by SSR 96-8p. ECF No. 12 at 8. Third, Ms. Crockett argues that this case should be remanded so that additional evidence can be reviewed by the state agency medical staff. ECF No. 12 at 9.

After careful review of the ALJ's opinion and the evidence of the record, I conclude that the ALJ's RFC determination, and subsequently his findings at step four and step five of the sequential evaluation process, are not based on substantial evidence, and otherwise misapply the proper legal standards. While the parties do not address in their motions whether the ALJ properly evaluated Ms. Crockett's credibility, I find that the ALJ's adverse credibility determination was improper. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints, such as the limiting effects of an impairment. *Craig*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id*. After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [her] ability to work." *Id*. at 595.

Here, the ALJ found that Ms. Crockett's "medically determinable impairments could reasonably be expected to cause some of her alleged symptoms," but then used circular logic in finding that her statements were "not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 27). The ALJ offered no factual support to support his adverse credibility determination. On remand, the ALJ should provide factual support by "evaluat[ing] the consistency of the plaintiff's statements against the evidence of record, and not against the ALJ's own RFC assessment." *Stewart v. Astrue*, 2012 WL 6799723, at *15 (E.D. Va. Dec. 20, 2012). "The bare conclusion that [a Plaintiff's] statements lack credibility because they are inconsistent with 'the above [RFC] assessment' does not discharge the duty to explain." *Kotofski v. Astrue*, No. SKG-09-981, 2010 WL 3655541, at *9 (D. Md. Sept. 14, 2010).

In addition, there is some merit to Ms. Crockett's argument that the ALJ did not properly evaluate or explain the weight he assigned to the opinion evidence in the record. While the ALJ provided a thorough summary of the medical and opinion evidence (Tr. 21-26), it is unclear what evidence he accepted or rejected in coming to an RFC determination.[3] The Fourth Circuit has held that an ALJ's decision must "explicitly indicate[] the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 232, 235-36 (4th Cir. 1984). On remand, the ALJ should expressly state the weight given to all of the relevant evidence so that any reviewing court will be able to determine whether the ALJ's finding is supported by substantial evidence.

For the reasons set forth herein, Ms. Crockett's Motion for Summary Judgment (ECF No. 12) and the Commissioner's Motion for Summary Judgment (ECF No. 13) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                              Sincerely yours,

                                                /s/
                                            Timothy J. Sullivan
                                            United States Magistrate Judge

---

[3] Ms. Crockett does not cite to any piece of evidence in the record that she claims is inconsistent with the ALJ's RFC determination. Much of the evidence in the record appears to be entirely consistent with the RFC assigned to Ms. Crockett. However, I express no opinion on whether the ALJ's ultimate RFC determination was correct.